**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re Application of BlueBay Asset Management LLP, GML Capital LLP, IVO Capital LLP, RAI Investments PTE LTD., Sancta Capital Partners LP, Sandglass Opportunity Fund, LP, Sandglass Petrus Opportunity Fund, LP, and VR Global Partners, L.P. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery from Etihad Airways P.J.S.C. for Use in Foreign Proceedings. | CIVIL ACTION NO. _____ |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FROM ETIHAD AIRWAYS P.J.S.C. FOR USE IN FOREIGN PROCEEDINGS

K&L GATES LLP
Matthew J. Weldon
Thomas A. Warns
599 Lexington Avenue
New York, New York 10022

*Attorneys for Petitioners BlueBay Asset Management LLP, GML Capital LLP, IVO Capital LLP, RAI Investments PTE LTD., Sancta Capital Partners LP, Sandglass Opportunity Fund, LP, Sandglass Petrus Opportunity Fund, LP, and VR Global Partners, L.P.*

1

Based upon the annexed Declaration of Genna Lozovsky dated August 6, 2020, the Declaration of Matthew J. Weldon dated August 6, 2020, and accompanying Memorandum of Law dated August 6, 2020, BlueBay Asset Management LLP, GML Capital LLP, IVO Capital LLP, RAI Investments PTE LTD., Sancta Capital Partners LP, Sandglass Opportunity Fund, LP, Sandglass Petrus Opportunity Fund, LP, and VR Global Partners, L.P. ("Petitioners" or "Applicants") hereby petition and apply to this Court for and order, pursuant to 28 U.S.C. § 1782, and Rules 26 and 45 of the Federal Rules of Civil Procedure, requiring Etihad Airways P.J.S.C. ("Etihad" or "Respondent"), a company found in New York, New York, to provide the following Document to Applicants:

1. **Documents evidencing an amendment, modification or termination, of the Debt Assumption Agreement dated on or about 22 December 2016 (the "Documents")**.

If no such Documents exist, Etihad should so state.

The requested relief seeks very limited, but needed, discovery in aid of foreign proceedings, including an administrative (restructuring) proceeding currently pending before a foreign tribunal in the Republic of Italy.

In sum, Applicants previously sought disclosure of an internal debt assumption agreement dated 22 December 2016 (the "Debt Assumption Agreement") between Etihad Investment Holding Company LLC ("EIHC") and Alitalia - Societa Aerea Italiana S.p.A ("Alitalia") in Case 1:20-mc-00233-PKC, and received the Debt Assumption Agreement from Fitch Ratings, Inc. ("Fitch"). The Documents are needed, however, because there have been a modification to (or termination of) the Debt Assumption Agreement.

The Debt Assumption Agreement clarifies that Etihad assumed certain obligations in relation to the repayment of principal on maturity for certain debt instruments issued by Alitalia ("Alitalia Debt") in which Applicants have an interest. Alitalia is and continues to be in default under its payment obligations under the Alitalia Debt, and is currently in an extraordinary administrative (insolvency) procedure in Italy, overseen by Mr. Giuseppe Leogrande (the "Extraordinary Commissioner"), and a competent court of Civitavecchia (Tribunale Civitavecchia) (the "Italian Insolvency Proceedings"); however, the rights against Etihad in relation to the Debt Assumption Agreement have not be pursued by the Extraordinary Commissioner, leading Applicants to conclude that there has been some modification to the Debt Assumption Agreement. The Extraordinary Commissioner/Alitalia did not provided the Debt Assumption Agreement when it was requested by the Applicants and EAP Partners I B.V. ("EAP I") or EAP Partners II ("EAP II") (EAP I and EAP II, the "Issuers") due to "the private nature of the Debt Assumption Agreement"). Further, the Extraordinary Commissioner/Alitalia will not provide any amendments to or termination of same to Applicants. Without the Documents, however, the Applicants cannot learn why the Extraordinary Commissioner is not pursuing such rights against Etihad. Regardless of the precise details of the additional documents, Applicants will use these documents to protect their interests in the pending Italian solvency proceedings and pursue other rights arising out of these documents.

Applicants are "interested persons" in the foreign proceedings under 28 U.S.C. § 1782 ("Section 1782"), as they have an interest in the proceeds repaid on the Alitalia Debt (or now due to be paid into the bankruptcy estate equivalent in the extraordinary administrative (insolvency) procedure in Italy), and Respondent is not a party to these foreign proceedings. Applicants thus meets all the statutory criteria set out in Section 1782 for the issuance of an order allow the

requested discovery. Moreover, as set forth in its Memorandum of Law filed concurrently herewith, all of the discretionary factors that this Court may consider likewise favor granting this Petition and Application.

Applicants have been in touch with Etihad, and in particular with relation to Case 1:20-mc-00233-PKC, and as a follow up thereto, and Etihad has objected to this discovery on various grounds. Therefore, Applicants are serving this application on Etihad herewith so that their objections may be heard by the Court in the most expeditious manner.

WHEREFORE, the Applicants respectfully request that this Court enter an order:

1. Granting the Application for Discovery from Respondent pursuant to Section 1782,
2. Ordering Respondent to provide the Documents to Applicants;
3. Providing such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 6, 2020

Respectfully submitted,

By:   */s/ Matthew J. Weldon*
Matthew J. Weldon
Thomas A. Warns
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
T: (212) 536-3900
F: (212) 536-3901
Matthew.Weldon@klgates.com
Thomas.Warns@klgates.com

*Attorneys for Petitioners BlueBay Asset Management LLP, GML Capital LLP, IVO Capital LLP, RAI Investments PTE LTD., Sancta Capital Partners LP, Sandglass Opportunity Fund, LP, Sandglass Petrus Opportunity Fund, LP, and VR Global Partners, L.P.*

5